2013 OK CIV APP 69

Aaron SMALL, Petitioner,

v.

APPLIED HOME SOLUTIONS INC., Compsource Oklahoma and The Workers' Compensation Court, Respondents.

No. 111,352.

Court of Civil Appeals of Oklahoma, Division No. 1.

June 7, 2013.

Travis R. Colt, FRASIER, FRASIER & HICKMAN, L.L.P., Tulsa, Oklahoma, for Petitioner.

Blake I. Whitten, PLLC, Tulsa, Oklahoma, for Respondents.

ROBERT D. BELL, Judge.

¶1 Petitioner, Aaron Small, seeks review of an order of the Workers' Compensation Court, which denied Petitioner's request for a second change of treating physician. For the reasons set forth below, we sustain the trial court's order.

¶2 Petitioner suffered a low back injury while working for Respondent Applied Home Solutions (Employer) on April 2, 2012. After filing his Form 3, Petitioner was sent by Employer to Ochsner Chiropractic Centre. On May 8, 2012, Petitioner filed Form A application for change of physician. The trial court entered an order on May 15, 2012, authorizing the change from Ochsner to Dr. Randall Hendricks. Dr. Hendricks treated Petitioner from May until September 2012.

¶3 On October 3, 2012, Petitioner filed a second Form A application for change of physician. Following a hearing, the trial judge denied Petitioner's request, holding Petitioner is entitled to only one change of treating physician pursuant to 85 O.S.2011 § 326(E) because his injury is confined to

one body part. Specifically, the trial court held:

> [T]he court interprets the 326(E) language regarding "a maximum of two (2) changes of physician may be allowed in a claim" to mean two changes in a multiple body part claim. Here, there is one body part injured, the low back. Only one change of physician is statutorily allowed per injured body part.

From said order, Petitioner seeks review from this Court.

¶4 This case presents solely a question of law: Did the trial court err in holding it was prohibited by § 326(E) from authorizing a second change of physician because Petitioner's injury was limited to one body part?

Statutory construction presents a question of law. A compensation tribunal's *legal rulings*, like those by a district court judge, are on review subject to an appellate court's plenary, independent and non-deferential reexamination. We hence review *de novo* the [trial court]'s ascription of the meaning that is to be attributed to the critical part of the statutory text.

*Arrow Tool & Gauge v. Mead*, 2000 OK 86, ¶6, 16 P.3d 1120, 1123 (citations omitted). Furthermore:

> The fundamental rule of statutory construction is to ascertain and give effect to legislative intent. That intent is first divined from the language of a statute. If a statute is plain and unambiguous, it will not be subjected to judicial construction but will receive the interpretation and effect its language dictates.

*Rogers v. Quiktrip Corp.*, 2010 OK 3, ¶11, 230 P.3d 853, 859 (citations omitted).

¶5 Upon *de novo* review of the instant case, we hold the trial court correctly interpreted § 326(E) to mean a second change of physician may be allowed only in cases involving more than one injured body part. Because Petitioner suffered an injury to a single body part, he was entitled to only one change of physician. Therefore, the trial

court correctly denied Petitioner's second Form A.

¶6 SUSTAINED.

BUETTNER, P.J., and JOPLIN, C.J., concur.